1

2

3

4

5

6        UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
7              AT SEATTLE

8    JENNIFER G.,

9              Plaintiff,              Case No. C22-5870-MLP

10        v.                           ORDER

11   COMMISSIONER OF SOCIAL SECURITY,

12             Defendant.

13

## I.    INTRODUCTION

14

15        Plaintiff seeks review of the denial of her applications for Supplemental Security Income

16   and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred

17   in assessing the opinion of Enid Griffin, Psy.D. (Dkt. # 11 at 1.) As discussed below, the Court

18   AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

19

20        Plaintiff was born in 1969, has a GED and cosmetology training, and has worked as a

21   general assembly mechanic and unloader. AR at 290-91. Plaintiff was last gainfully employed in

22   2017. *Id.* at 291. In February 2020, Plaintiff applied for benefits, alleging disability as of

23   December 26, 2019. AR at 242-52. Plaintiff's applications were denied initially and on

     reconsideration, and Plaintiff requested a hearing. *Id.* at 168-71, 176-83. After the ALJ

ORDER - 1

1 | conducted a hearing in September 2021 (*id*. at 34-85), the ALJ issued a decision finding Plaintiff

2 | not disabled. *Id.* at 15-28.

3 |         As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the

4 | Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the

5 | Commissioner to this Court. (Dkt. # 4.)

6 | **III.     LEGAL STANDARDS**

7 |         Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

8 | security benefits when the ALJ's findings are based on legal error or not supported by substantial

9 | evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a

10 | general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the

11 | ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

12 | (cited sources omitted). The Court looks to "the record as a whole to determine whether the error

13 | alters the outcome of the case." *Id*.

14 |         "Substantial evidence" is more than a scintilla, less than a preponderance, and is such

15 | relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

16 | *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

17 | Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical

18 | testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

19 | 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

20 | neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

21 | *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one

22 | rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

23 |

ORDER - 2

## IV.   DISCUSSION

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

In this case, the ALJ found persuasive a DSHS form opinion completed by Dr. Griffin, an examining psychologist. AR at 24-25. Dr. Griffin did not identify any disabling mental limitations, but listed several mild or moderate limitations. *Id*. at 541-50. The ALJ found that those limitations were consistent with the record as a whole, which indicates that Plaintiff's mental functioning appeared normal during appointments for physical concerns and Plaintiff did not seek any formal mental health treatment during the adjudicated period. *Id*. at 25. The ALJ also found that Dr. Griffin's opinion was supported by her mental status examination findings. *Id*.

Plaintiff argues that the ALJ erred in purporting to find Dr. Griffin's opinion persuasive, but then failing to account for the mild and moderate limitations she identified in her opinion. (Dkt. # 11 at 3-6.) The Court disagrees, because the ALJ's residual functional capacity ("RFC") assessment includes many mental limitations that reasonably account for the limitations identified by Dr. Griffin. Specifically, the ALJ limited Plaintiff to simple, routine tasks that do not require contact with the public or team tasks, and that require no more than occasional superficial contact with co-workers. *See* AR at 21. The State agency psychological consultants credited Dr. Griffin's opinion and translated that opinion into a concrete RFC assessment (simple and detailed tasks with occasional lapses in concentration, persistence, and pace, with occasional

1   public contact) that the ALJ found to be persuasive. *See id*. at 25, 93-99, 111-13, 129-39, 161-64,

2   542-45. The ALJ's RFC assessment is, however, even more restrictive than the State agency

3   opinions, because it completely prohibits detailed tasks and public contact, reduces contact with

4   co-workers to occasional and superficial, and eliminates teamwork. *Compare id*. at 21 (ALJ's

5   RFC assessment) *with id*. at 136-39 (State agency RFC assessment on reconsideration).

6           Although the ALJ could have interpreted Dr. Griffin's opinion to imply different or more

7   severe RFC restrictions, Plaintiff has cited no binding authority indicating that the ALJ's stated

8   interpretation is unreasonable. (*See* dkt. # 18 at 4.) The "final responsibility" for deciding issues

9   such as an individual's RFC "is reserved to the Commissioner." 20 C.F.R. §§ 404.1527(d)(2),

10  404.1546(c), 416.927(d)(2), 416.946(c). That responsibility includes "translating and

11  incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807

12  F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir.

13  2008)). Because Plaintiff has not shown that the ALJ's conclusion was unreasonable, the Court

14  finds no harmful error in the ALJ's interpretation. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1108

15  (9th Cir. 2017) (upholding the ALJ's conclusion because plaintiff had not shown that an ALJ's

16  interpretation of moderate limitations was unreasonable).

17                          **V.        CONCLUSION**

18          For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this

19  case is **DISMISSED** with prejudice.

20          Dated this 3rd day of August, 2023.

21

22                                          _____
                                            MICHELLE L. PETERSON
                                            United States Magistrate Judge

23

ORDER - 4